The opinion of the court was delivered by
Spencer, J.
Plaintiffs sue defendants -on account of certain debts paid for them and for goods sold, as shown by account annexed to petition.
Defendants excepted to plaintiffs’ right to sue, alleging that plaintiffs had become bankrupt, and were no longer authorized to collect the assets of Bayly & Pond.
This exception was not well taken. The evidence shows that plaintiffs did make a surrender, but entered into a composition with their *1211 creditors under the amendment of the bankrupt act, the effect of- which left them in possession and control of their assets for the purposes of collection. '
The [answer is a general denial, admission of the signatures of the drafts sued' on, but with special averments that they had done business with plaintiffs for some ten years; that on a fair settlement of accounts, said plaintiffe owe respondents a large sum, at least $5000, for this:. that said plaintiffs charged respondents in said accounts interest at ■twelve per cent per annum, and even higher, when only ñve per cent should have been charged; and, further, that in rendering accounts from time to time plaintiffs brought forward incorrect balances by charging in different accounts the same items and by making incorrect and improper charges against respondents, and by failing to give respondents credits to which they are entitled. They pray that plaintiffs’ demands, be rejected, and for judgment in reconvention for $5000. Plaintiffs filed an answer to this demand in reconvention, generally denying the same* and pleading prescription of one year.
On trial plaintiffs fully proved that the drafts sued upon represented the balance due by defendants to plaintiffs on a full settlement between them made June 12, 1875, and that the invoices of goods sold and sued for were true and correct, and interest computed at eight percent.
Defendants tendered or offered in evidence proofs which they declared were intended to prove the errors, payments over, charges, etc.,, alleged by them and their claim in reconvention.
To this plaintiffs objected on the grounds : That the allegations of error, overcharges, credits, etc., made in the answer, were too vague- and indefinite to admit of proof, and that any such defenses, based upon transactions prior to the settlement of June 12,1875, must be set. out with particularity and distinctness. The court sustained these objections (so far as relates to matters prior to June 12,1875), and defendants excepted. The court did not err. When one pleads error, payment, and the like, he must set them forth with such particularity as will put his opponent on his guard ; and a demand in reconvention must be made with the same specificness and certainty as that of a plaintiff.. This the answer of defendants did not do. It deals in generalities of the broadest kind, and does not disclose the particulars of the alleged errors, payments, etc., nor their dates, amounts, or ether circumstance..
But the defendant contends that plaintiffs answered his reconventional demand without excepting to its generality, or to want of certainty in pleas of payment, error, etc., and thereby waived all right to object to evidence in support of them. He cites the case of Ludeling vsFrellsen, 4 A. 534, in support of this proposition. That was a case where *1212 the plaintiff in injunction alleged that she was entitled to a specific sum as credit on the execution enjoined, but did not specify the date or manner of payment. The defendant in his answer specially traversed and denied this allegation, and “ expressly averred that all money ever paid * * * to your respondents was appropriated by your respondents according to express directions, etc.” The court held that these .special denials and averments by the defendant prevented his objection to evidence by plaintiff to prove the alleged payment.
But the present case is a very different one. Replications in our law •are not admissible, and all the allegations of the answer are open to any objection of law and fact. 3 N. S. 622, 687; 8 N. S. 141; 1 R. 335; 9 R. .504 ; 12 R. 648 ; 13 A. 412.
Pleas in reconvention require no service and need not be put at issue by answer or default. 1 L. 266; 2 L. 285; 3 L. 100 ; 10 A. 105.
The “ general denial ” filed by plaintiffs to defendants’ reconvention •was mere surplusage, and did not alter the attitude of the parties.
As we have said, pleas of payment, error, fraud in the answer, must 'be set out with reasonable certainty; as must also demands in compensation and reeonvention; and if not so pleaded can not be proved if objected to. 2 N. S. 84; 5 N. S. 18 ; 6 L. 75 ; 11 R. 347; 4 A. 381.
Instead of moving to strike out or excepting to such defective pleading, “ a more regular way is to permit the parties to go to trial, and reject on objection of opposite party any evidence to sustain them.” Jonau vs. Ferrand, 3 R. 364.
It is fully shown that the defendants received regularly from plain•tiffs statements of their accounts, had a full settlement on June 12,1875, and made no objections thereto until threatened with suit.
We have in this record as late as September 7,1875, a month after the last invoices sued upon, letter of the defendants to plaintiffs protesting their ability and determination to pay plaintiffs all they owed them, and especially the drafts sued upon. We see no error in plaintiffs’ claim ■since June 12,1875, sued upon. Our inquiry is confined to that.
We think, however, in the absence of written agreement to pay eight per cent interest the court below erred in awarding it. In this respect •the judgment should be amended.
It is therefore ordered and decreed that the judgment appealed from be amended by reducing the rate of interest allowed therein from eight to five per cent, and that as thus amended said judgment be affirmed ; •appellees paying costs of appeal.